NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

JACKSON HEWITT, INC.

                              :             **Hon. Dennis M. Cavanaugh**

          Plaintiff,     :

     v.                   :             **OPINION**

                              :

JOINER'S TAX GROUP, INC. And  :     Case No. 2:11-cv-00664 (DMC)(JAD)

EARNEST JOINER,           :

          Defendants   :

                            :

_____ :

DENNIS M. CAVANAUGH, U.S.D.J.

     This matter comes before the Court upon motion by Joiner's Tax Group and Earnest

Joiner ("Defendants") to dismiss the Jackson Hewitt's ("Plaintiff") Complaint pursuant to Fed.

R. Civ. P. 12(b)(2).. Pursuant to Fed. R. Civ. Pro 78, no oral argument was heard. After

reviewing the submissions of the parties, and based on the following, Defendants' motion is

**denied.**

## I.      BACKGROUND

     Plaintiff Jackson Hewitt is a Virginia corporation with its principal place of business

located in Parsippany, New Jersey. Defendant Earnest Joiner  is a citizen of Maryland.

Defendants entered into six franchise agreements to operate Jackson Hewitt tax preparation

businesses in Washington, D.C. and Maryland, and each of those agreements was personally

guaranteed by Mr. Joiner.  The franchise agreements entered into between Jackson Hewitt and

Defendants gave Defendants the right to operate tax return businesses using Plaintiff's trade

names, trademarks and service marks, logos, as well as Plaintiff's proprietary business methods

and software. In August, 2010, Jackson Hewitt terminated the franchise agreements, and in

February, 2011 Plaintiff commenced the present action.

      **II.**        **LEGAL STANDARD**

            A.      Personal Jurisdiction; 12(b)(2)

            Pursuant to Fed.R.Civ.P. 4(e), a district court may exercise jurisdiction over a

non-resident defendant to the extent permitted by the law of the state where the district court sits.

*See* Fed.R.Civ.P. 4(e). "A federal court sitting in New Jersey has jurisdiction over parties to the

extent provided under New Jersey state law." *Miller Yacht Sales, Inc. v. Smith,* 384 F.3d 93, 96

(3d Cir.2004). "New Jersey's long-arm statute provides for jurisdiction coextensive with the due

process requirements of the United States Constitution." *Id.* (citing N.J. Ct. R. 4:4-4(c)). Pursuant

to Fed.R.Civ.P. 12(b)(2), a plaintiff must demonstrate by a preponderance of the evidence facts

sufficient to support the assertion of personal jurisdiction over a defendant. *Ameripay, LLC v.

Ameripay Payroll, Ltd.,* 334 F.Supp.2d 629, 632 (D.N.J.2004) (citing *Carteret Savings Bank, FA

v. Shushan,* 954 F.2d 141, 146 (3d Cir.1992)). "A court must accept as true the allegations in the

complaint and resolve disputed issues of fact in favor of the plaintiff[,]" for purposes of

jurisdiction, plaintiff cannot rely on pleadings alone, but instead must provide actual proofs. *Id.*

(citing *Time Share Vacation Club v. Atlantic Resorts, Ltd.,* 735 F.2d 61, 66 n. 9 (3d 1984)).

"Once the plaintiff has shown minimum contacts, the burden shifts to the defendant, who must

show that the assertion of jurisdiction would be unreasonable." *Id.* (citing *Mellon Bank (East)

PFSF, Nat'l Assoc. v. Farino,* 960 F.2d 1217, 1221 (3d Cir.1992)).

            "Once challenged, a plaintiff bears the burden of establishing personal

jurisdiction." *Pro Sports Inc. v. West,* 639 F.Supp.2d 475, 478 (D.N.J.2009) ( *citing General Elec. Co. v. Deutz AG,* 270 F.3d 144, 150 (3d Cir.2001) (finding the plaintiff must demonstrate "[a] nexus between defendant, the forum, and the litigation.")). "However, when the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a *prima facie* case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith,* 384 F.3d 93, 97 (3d Cir.2004); *See also Carteret Say. Bank, FA v. Shushan,* 954 F.2d 141, 142 n. 1 (3d Cir.1992)."If the contents of the plaintiff's complaint conflict with the defendant's affidavits, the district court must construe all reasonable inferences that can be drawn from the papers in the plaintiff's favor." 4 Wright & Miller, *Federal Practice and Procedure:* Civil 3d § 1067.6 (3d ed.2002)."

      B.    Forum Selection Clause

In *The Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 1913 the Supreme Court held that forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *Id.* at 10, 92 S.Ct. at 1913. The Third Circuit cites *Bremen* in holding that "a forum selection clause is 'unreasonable' where the defendant can make a 'strong showing' *id.* at 15, 92 S.Ct. at 1916, *either* that the forum thus selected is 'so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court,' *id.* at 18, 92 S.Ct. at 1917, *or* that the clause was procured through 'fraud or overreaching,'" *id.* at 15, 92 S.Ct. at 1916." *See Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207, 1219 (C.A.3 (Pa.),1991)

**III.   DISCUSSION**

Defendant's arguments with respect to personal jurisdiction and the validity of the forum

3

selection clause contained in the franchise agreement have been previously decided by the Court

as to other Defendants in a consolidated matter in which Jackson Hewitt has brought suit against

nine other former franchisees pursuant to franchise agreements identical to those signed by Mr.

Joiner in the instant case. In each of those cases, as well as the instant case, the franchise

agreements contained an express provision that conferred personal jurisdiction over Defendants,

and selected the District Court of New Jersey as the forum in which disputes arising out of those

agreements would be adjudicated, and selected New Jersey law as the governing authority for any

cases that might arise between the parties. That is prima facie evidence, as required in our

Circuit, that this Court has personal jurisdiction over all Defendants.[1] Defendant's argument that

he has not done business in New Jersey is unavailing in light of the contractual selection of New

Jersey as the proper forum. Defendant directs the Court's attention to the New Jersey Franchise

Practices Act ("NJFPA"), a statute which is inapplicable on its face to the case at bar, since it

only applies to "(a) a franchise (1) the performance of which contemplates or requires the

franchisee to establish or maintain a place of business within the State of New Jersey." (*See*

N.J.S.A. 56:10-4). This Court had occasion to consider this matter in an analogous decision,

cited by Plaintiff  in their responsive brief, *Bonanno v. Quiznos Master LLC*, 2006 WL 3359673,

in which the Court stated "other than stating that New Jersey has expressed concern with the

protection of New Jersey franchisees through the enactment of the NJFPA, Plaintiffs have not

identified any public policy rationale that sufficiently rebuts the presumption that the forum

selection clause should be enforced." (*Id* at 5). This Court expressly held in *Bonanno* that the

---

[1]Section 28.2 of the franchise agreement states "you consent to venue and personal jurisdiction in all litigation brought by us or our affiliates against you...[in] the United States District Court nearest to our principal place of business."

forum selection clause in a franchise agreement was not contrary to New Jersey public policy,

and that the forum selection clause was neither unreasonable nor unconscionable. Here, in a case

that is both factually and legally similar, the Court reaches the same conclusion. Contrary to

Defendant's assertion, Plaintiff was not obligated to present a smorgasbord of potential fora from

which Defendant might choose what he liked. The failure of Plaintiff to do so does not render the

agreement unconscionable. Defendants' references to the Code of Maryland Regulations is

similarly unavailing because the Court expressly finds the forum selection clause in the franchise

agreements to be valid as a matter of law. It should be noted that in *Bonnano*, this Court enforced

the forum selection clause to the extent that the Court rejected Plaintiff's choice of forum, and

instead transferred the case to the contractually agreed upon venue, Colorado. The Court made

the transfer in spite of the general presumption in favor of Plaintiff's choice of forum. Here,

where Plaintiff has brought suit in New Jersey pursuant to a forum selection clause that names

New Jersey, the rationale for enforcing the contract as executed by the parties is even more

persuasive. Moreover, as if the statutory language were not sufficient, the forum selection clause

as written prevents the application of the NJFPA, specifying that "the New Jersey Franchise

Practices Act shall not apply to any franchisee whose assigned location is outside the State of

New Jersey." (ECF Doc. 11-1, Section 28.1 of JH07-07, Franchise Agreement).

  The Court is not unmindful of the difficulties that having to defend in New Jersey may

pose for out of state Defendants, but those difficulties are  insufficient for the Court to overturn

Plaintiff's decision, endorsed by Defendants in the franchise agreements,  to sue in New Jersey,

and to apply New Jersey law. In addition, since the named Defendants in this motion represent

only one piece of a complicated puzzle involving multiple Defendants in multiple states, other

concerns argue in favor of the Court's retaining jurisdiction. This case will be consolidated with

the cases of the other Defendants under Docket number 2:10-cv-05108. Rather than force

Plaintiff to litigate all over the country, centralizing the cases here, as the franchise agreements

anticipate, conserves judicial resources and promotes efficiency, two legitimate objectives that

Courts may well consider. (*See Washington v. FedEx Ground Package System, Inc.* 995 A.2d

1271, 1279 (Pa.Super.,2010), holding that "coordination will ensure judicial efficiency as well-

establishing one court to address discovery issues, motions and other pretrial decisions involving

the same facts and circumstances.")

### IV.   CONCLUSION

For the reasons contained herein, Defendant's motion to dismiss pursuant to Fed. R. Civ.

P. 12(b)(2) is **denied.** An appropriate order follows this opinion.


                                                      S/ Dennis M. Cavanaugh
                                                      Dennis M. Cavanaugh, U.S.D.J.

Date:          June   13  , 2011
Original:      Clerk
cc:            All Counsel of Record
               Hon. Joseph A. Dickson, U.S.M.J.
               File